**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARACELI MENDOZA,<br><br>Defendant. | Case No. 16-cr-00150-BLF-3<br><br>**ORDER GRANTING MOTION TO QUASH SUBPOENA OF ALYSSA ANTHONY; GRANTING MOTION TO QUASH SUBPOENA OF DOUGLAS COLE; DENYING MOTION TO COMPEL TRIAL TESTIMONY OF CO-DEFENDANT ALYSSA ANTHONY; AND DEFERRING RULING ON MOTION TO COMPEL TRIAL TESTIMONY OF CO-DEFENDANT ARIEL GUIZAR-CUELLAR**<br><br>[Re: ECF 451, 452, 453] |

Before the Court are the following motions: (1) Motion to Quash Subpoena of Alyssa Anthony (ECF 451); (2) Motion to Quash Subpoena of Douglas Cole (ECF 452); and (3) Motion to Compel Trial Testimony of Codefendants Alyssa Anthony and Ariel Guizar-Cuellar. The Court held a hearing on the motions on August 31, 2021. The Court granted the requests of Defendant Araceli Mendoza and non-party Douglas Cole to waive their personal appearance at the hearing. The Court permitted Codefendant Alyssa Anthony and her counsel to appear remotely via Zoom. The Court finds that the remote appearance of Codefendant Anthony and her counsel was necessary under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Codefendant Ariel Guizar-Cuellar, who is in custody, was unable to appear due to a quarantine at the facility where he is held. Codefendant Guizar-Cuellar's counsel was present at the hearing.

The Court first addresses the motions as they relate to Codefendant Alyssa Anthony, then as they relate to Douglas Cole, and finally as they relate to Codefendant Ariel Guizar-Cuellar.

**Alyssa Anthony**

Defendant Araceli Mendoza has subpoenaed Codefendant Alyssa Anthony to testify at Mendoza's trial. Anthony has filed a motion to quash the subpoena, indicating that she would invoke her Fifth Amendment right against self-incrimination if compelled to testify at Mendoza's trial. Mendoza has responded with a motion to compel Anthony's trial testimony.

Anthony, who has entered a guilty plea but has not yet been sentenced, clearly retains her Fifth Amendment privilege against self-incrimination. *See Mitchell v. United States*, 526 U.S. 314, 321 (1999) (rejecting government's argument that guilty plea operated as a waiver of the privilege against compelled self-incrimination, and holding that a defendant retains the privilege through sentencing). In order to determine whether the testimony that Mendoza sought to compel falls within the privilege, the Court directed the clerk to place Anthony under oath and then directed Mendoza's counsel, Michael Whalen, to ask Anthony the questions he would ask at trial if Anthony were compelled to testify. Mr. Whalen asked Anthony sixty questions. Anthony invoked her Fifth Amendment privilege against compelled self-incrimination in response to each and every question. A copy of the transcript pages documenting Mr. Whelan's questions and Anthony's responses is attached to this order. The Court finds that Anthony's responses to all of Mr. Whelan's questions could be inculpatory, and therefore that Anthony properly invoked her Fifth Amendment privilege as to each and every question.

Anthony's Motion to Quash Subpoena of Alyssa Anthony (ECF 451) is GRANTED and Mendoza's Motion to Compel Trial Testimony of Codefendants (ECF 453) is DENIED as to Anthony. Anthony is excused from testifying or appearing at Mendoza's trial.

**Douglas Cole**

Defendant Araceli Mendoza has subpoenaed Douglas Cole, a retired investigator for the Office of the Public Defender, to testify at her trial. Mr. Cole was a member of Codefendant Anthony's defense team, and in that role he attended meetings at which Anthony was interviewed by the prosecution. Anthony has filed a motion to quash the subpoena of Cole, and Mendoza has

2

opposed that motion.

"[A] lawyer's recollection of a witness interview constitutes opinion work product entitled to heightened protections." *In re Grand Jury Subpoena*, 870 F.3d 312, 317 (4th Cir. 2017) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400-01 (1981), and *Hickman v. Taylor*, 329 U.S. 495, 512 (1947)). "It does not matter whether an attorney draws on her memories, as opposed to written notes, in recalling what was said; the opinion-work-product privilege offers increased protection to both sources because both require disclosure of the attorney's mental processes." *Id*. "[O]ral statements made by witnesses" to an attorney, "whether presently in the form of his mental impressions or memoranda," generally are not subject to production. *Hickman*, 329 U.S. at 512. Both the attorney and the client hold the privilege. *See In re Grand Jury Subpoena*, 870 F.3d at 316. The privilege has been extended to the recollections of an investigator working for an attorney. *See Appeal of Hughes*, 633 F.2d 282, 290-92 (3d Cir. 1980) (reversing trial court's denial of motion to quash subpoena seeking investigator's testimony regarding his recollection of witness statements).

The Court finds that Mr. Cole's recollections of Anthony's interviews by the prosecution fall squarely within these authorities and therefore constitute opinion work product. "[O]pinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Grand Jury Subpoena*, 870 F.3d at 316 (quotation marks and citation omitted). Mendoza has not demonstrated the existence of rare and extraordinary circumstances here.

Anthony's Motion to Quash Subpoena of Douglas Cole (ECF 452) is GRANTED.

**Ariel Guizar-Cuellar**

Defendant Araceli Mendoza has filed a motion to compel the trial testimony of Codefendant Ariel Guizar-Cuellar. Like Anthony, Guizar-Cuellar has entered a guilty plea but has not yet been sentenced. Consequently, he retains his Fifth Amendment privilege against self-incrimination. *See Mitchell*, 526 U.S. at 321.

Because Guizar-Cuellar was not present at the hearing, he was not able to invoke his Fifth Amendment privilege. At the Court's direction, Mr. Whalen read into the record the questions

1   that he would ask Guizar-Cuellar should he testify at trial.  On September 6, 2021, several days
2   after the hearing, Guizar-Cuellar's counsel filed a Memorandum Regarding Intent to Invoke 5th
3   Amendment Protection Against Self-Incrimination as to Certain Questions.  That memorandum is
4   signed by counsel, and not by Guizar-Cuellar personally.  Accordingly, at most it indicates what
5   advice counsel would give Guizar-Cuellar regarding invocation of his Fifth Amendment privilege.
6   Because Guizar-Cuellar has not personally invoked his Fifth Amendment privilege, the Court
7   cannot yet rule on Mendoza's motion to compel his trial testimony.  Mendoza's Motion to Compel
8   Trial Testimony of Codefendants (ECF 453) is DEFERRED as to Guizar-Cuellar.

Dated:  September 8, 2021

_____
BETH LABSON FREEMAN
United States District Judge

4