CARLEEN R. ARLIDGE      SBN 079725
Attorney At Law
111 North Market Street, Suite 300
San Jose, California 95113
Telephone: (408) 288-8533
Facsimile: (408) 445-1861
E-Mail: craatty@aol.com

Attorney For Defendant
ARIEL GUIZAR-CUELLAR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 5:16-CR-00150 BLF |
| Plaintiff, | DEFENDANT GUIZAR-CUELLAR'S SENTENCING MEMORANDUM |
| vs. | |
| ARIEL GUIZAR-CUELLAR, | |
| Defendant. | |

**OVERVIEW**

Defendant Ariel Guizar-Cuellar entered his plea of guilty to the charges in the Indictment pursuant to a plea agreement (Dkt. 144) on May 7, 2019. His sentencing has essentially been continued, with his agreement, since that time to allow for a single sentencing hearing with his co-defendants so that any victims who wish to address the Court, need only do so once. The Government is recommending the Court impose a 405 month (33 years, 9 months) term of imprisonment to run consecutively with the sentence imposed by the state court (Dkt. 622). The recommendation contained in the Presentence Report is a 360 month (30 year) term of imprisonment to run partially concurrent with the state court sentence (Dkt. 594). Defendant Ariel Guizar Cuellar requests this Court impose the sentence recommended in the Presentence Report.

1

1. **Objections to Presentence Report.**

Except as to the objections concerning the guideline calculations, the remaining objections are submitted.

2. **Sentencing Guideline Calculation.**

It is the defense position that the calculation set forth in the plea agreement in this case is accurate and should be adopted by the Court.

(a)  As to the question of grouping, the defense agrees with the position taken by the Government (Dkt. 622, page 11);

(b) Regarding the additional 2 points under USSG §2G1.3(b)(2)(B), the Mr. Guizar-Cuellar admitted in the plea agreement that he recruited the victims to join his commercial sex venture. There is no admission nor evidence presented in any proceeding at which the Mr. Guizar-Cuellar was present and had the opportunity to question the witness that he "unduly influenced" the victims to engage in prostitution.

( c) The Presentence Report also adds 5 points to their sentencing guideline calculation through the application of USSG §4B1.5(b)(1).  However, this guideline only applies to "a covered sex crime" and, as defined in Application Note 2 of that guideline, the offense in this case, 18 U.S.C. §1591, is not a covered sex crime.  The additional 5 points should not be included in the guideline calculation.

3. **Restitution.**

While not admitting that he received all of the money, Mr. Guizar-Cuellar is not contesting that the victims should receive restitution in this case.

As to Victim J.B., Mr. Guizar-Cuellar agrees to restitution in the amount of $8,400.  The Mr. Guizar-Cuellar reserves the right to contest any additional requested restitution.

As to Victim J.V., Mr. Guizar-Cuellar agrees to restitution in the amount of $6,500.  He does reserve the right to contest any additional requested restitution.

As to Victim B.M., Mr. Guizar-Cuellar agrees that this victim's estate is entitled to restitution but disagrees with the Government's calculation of such.  The issue is primarily with the estimate of the number of days worked based on the frequency of posting of an advertisement during

the March - May 2015 time period and the estimate for the November 2015-January 2016 time period based primarily on speculation.

**3. Recommendation for a Term of Imprisonment.**

Mr. Guizar-Cuellar accepted responsibility in this case by entering a plea of guilty over 3 years ago. Due to the location of his pretrial detention and the intervening pandemic, he has been unable to participate in any programing. He has expressed his remorse for what he has done to all the victims. He was particularly affected by the death of Victim B.M..[1] Mr. Guizar-Cuellar and Victim B.M. had been communicating by telephone and written correspondence throughout the time he has been in custody, up until about a week before her death and he was greatly saddened by the news of her death. It remains now and will remain on his mind.

The presentence report accurately describes Mr. Guizar-Cuellar's own tragic upbringing and the affect his substance abuse has had on his life. He is requesting the Court follow the sentencing recommendation made in that report.

Dated: September 12, 2022                                    Respectfully submitted,

                                                             Carleen R. Arlidge
                                                             Attorney for Defendant

---

[1] Victim B.M. faced many challenges in her life, as reflected in her song lyrics ("beat") submitted by the Government with its Sentencing Memorandum (Dkt. 622-1 Ex. E), describing suicidal thoughts when she was younger and the family problems she had. However, Mr. Guizar-Cuellar denies being the "pimp" who is described in the "beat" as beating her and also denies any implication as the cause of her death.

3